## PETER F. COLLIER, PLAINTIFF, *v.* TROW'S PRINTING AND BOOK BINDING COMPANY, DEFENDANT.

*Options to print from stereotype plates, given by each one of two printers to the other—void for want of consideration.*

In a case, submitted without action, it appeared that the plaintiff and defendant, by two several instruments one of which was signed by each, and bearing like date, each gave to the other the right to use certain stereotype plates in the printing of certain books, providing that if such plates were used, a royalty was to be paid therefor. Each agreement was subject to termination by a notice of two years of an intention to terminate the same.

The plaintiff. more than two years prior to the arising of this controversy, gave notice of his intention to terminate the agreement signed by him, and thereafter

demanded of the defendant that it furnish for the plaintiff's use certain of the stereotype plates mentioned in the agreement signed by the defendant, which had not been revoked

*Held,* that until some right was acquired by an accepted execution of such con-tracts, they were wholly void for want of consideration.

That nothing having been done under the instrument signed by the defendant, to give it life or validity, the provisions thereof could not be enforced by the plaintiff.

CASE submitted upon an agreed statement of facts briefly to the following effect : The plaintiff and defendant were each book-sellers, carrying on business in the city of New York, and on December 24, 1884, negotiations which had been pending between them resulted in the execution of two instruments of like date, neither one referring to the other.

By one of which the plaintiff agreed to allow the defendant to print editions of Chambers' Encyclopedia, in consideration of the payment of a royalty of one cent per copy of every hundred pages printed; and further agreed to give sole permission to the defend-ant to use the plates of the Encyclopedia, and certain others at a proportionate rate of royalty, according to size of page, and to give at least two years' notice before withdrawing from this agreement.

By the other instrument the defendant agreed to allow the plaintiff to print editions of not less than 3,000 copies at a time from any of its book-plates, in consideration of the payment of a royalty of one-third of one cent per hundred pages per copy, and to give at least two years' notice before withdrawing from this agreement.

These agreements, although bearing date on the same day, appeared in different instruments.

On March 6, 1885, the plaintiff gave notice to the defendant that he would terminate his contract of December twenty-fourth, as regards Chambers' Encyclopedia, at the time specified in the agree-ment, and on March 9, 1885, gave a similar notice as to all its books.

In reply to a request of the plaintiff of September 29, 1887, asking for certain plates, the defendant answered that, in accord-ance with the letter of the plaintiff of March ninth, it considered the contract terminated.

The foregoing facts were submitted to the court, for the purpose of obtaining a determination and adjudication as to whether the

plaintiff is entitled to receive the plates from the defendant, as requested in his letter of September 29, 1887, on a case submitted without action by the parties.

*John T Fenlon*, for the plaintiff.

*Raphael J. Moses*, for the defendant.

VAN BRUNT, P J. :

It is not necessary here to set out the facts upon which the plaintiff founds his claim.

The alleged agreements or contracts are set out in full in the submission, and they seem to be independent instruments as claimed by the plaintiff, although they bear the same date.

By the one the plaintiff gives the defendant an option ; by the other the defendant gave the plaintiff an option

Until some right was acquired by an accepted execution of each of these so-called contracts they were wholly void for want of consideration.

In the first contract it was optional with the defendant whether or not it would act thereunder, and, in the second, it was optional with the plaintiff, and neither party paid anything or parted with anything as a consideration for this option. The grant of the option, therefore, had no consideration to support it, and, therefore, was not binding upon either party.

Nothing having been done under the instrument in question to give it life or validity, the plaintiff cannot enforce the provisions therein contained.

This view of the case does not seem to have occurred to either counsel, but it is within the terms of the submission, as the question to be determined is said to be, whether the plaintiff is now entitled to receive plates from the defendant under all the facts stated ?

We conclude, for the reasons above stated, that he is not so entitled, and that the defendant is entitled to judgment, with costs.

BRADY and DANIELS, JJ., concurred.

Judgment ordered for defendant, with costs.